**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

JOHNATHAN TATE, a minor, by his parent and next friend,
Susan Tate,
5904 Connecticut Avenue,
Chevy Chase, Maryland 20815

and

SUSAN TATE,
5904 Connecticut Avenue,
Chevy Chase, Maryland 20815

Plaintiffs,

v.

JERRY D. WEAST (officially as), Superintendent,
Montgomery County Public Schools,
850 Hungerford Drive,
Rockville, Maryland 20850,

and

MONTGOMERY COUNTY BOARD OF EDUCATION,
850 Hungerford Drive,
Rockville, Maryland 20850,

Defendants.

Civil Action No. ______________

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### Preliminary Statement

1. Johnathan Tate ("Johnathan") is a fifteen-year-old boy who resides in Montgomery County with his mother, Susan Tate ("the parent" or "the mother"). Johnathan and his mother bring this action based on the failure of Montgomery County Public Schools

("MCPS") to provide Johnathan the free appropriate public education ("FAPE") that is his right under the IDEA. As a resident of Montgomery County, under the IDEA, MCPS is required to provide Johnathan a FAPE. However, MCPS has refused to evaluate Johnathan's special education needs and provide him with that FAPE, despite his mother's continued requests that it do so. MCPS claims that because Johnathan is attending the Lab School of Washington, located in the District of Columbia, it is not responsible for evaluating Johnathan or determing his eligibility. Instead, MCPS directs that this family go to the District of Columbia for a determination of eligibility. This is a violation of the IDEA and this family's right to due process of law.

**Jurisdiction**

2. This Court has jurisdiction over this matter pursuant to the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. §§ 1400-1461; the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794; 42 U.S.C. § 1983 ("Section 1983"); and 28 U.S.C. §§ 1331 and 1343. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202. This Court has pendent jurisdiction pursuant to MD. CODE ANN. EDUC. § 8-401, *et seq.* (1996). Plaintiffs have exhausted their administrative remedies and appeal to this Court from a decision of an Administrative Law Judge ("ALJ") of the Maryland Office of Administrative Hearings, MSDE-MONT-OT-08-16552 (September 24, 2008).

**Parties**

3. Johnathan Tate is a disabled student who has been diagnosed with multiple educational disabilities and therefore appears to be eligible under the IDEA to receive special education services as a student with an educational disabilities. At all times relevant to this

action, Johnathan has resided in Montgomery County, Maryland. His mother, Susan Tate, brings this action on his behalf and in her own right.

4. Jerry D. Weast is the Superintendent of MCPS and, as such, is the public official charged with the responsibility for ensuring that MCPS complies with federal law as to the education of disabled children. He is sued in his official capacity.

5. The Montgomery County Board of Education is a local educational agency as defined by 20 U.S.C. § 1401, and, as such, receives financial assistance from the United States Department of Education. The Montgomery County Board of Education is responsible for complying with federal law with respect to the provision of a FAPE to each disabled child in Montgomery County.

**Factual Allegations**

6. Johnathan Tate is a fifteen-year-old student who has been diagnosed with an attention disorder, executive dysfunction, a Mixed Receptive-Expressive Disorder, Reading Disorder, and a Disorder of Written Language. Johnathan appears to be eligible under the IDEA to receive special education services as a student with an educational disabilities.

7. Johnathan and his family live in Montgomery County, Maryland. He currently attends the Lab School of Washington ("Lab"), located in the District of Columbia.

8. Prior to starting at Lab, Johnathan attended the Avalon School, The Heights School, and Blessed Sacrament – all private schools – where he experienced significant difficulty due to his special education needs. As a result, Johnathan's parents submitted an application for him to attend the Lab School for the 2007-08 school year.

9. While waiting to hear from Lab, in August, 2007, Ms. Tate registered Johnathan at Westland Middle School, a public school in Montgomery County. However, shortly after the registration, Lab contacted Ms. Tate and informed her that Johnathan had been accepted into its program. Ms. Tate enrolled him at Lab School for the start of the 2007-08 school year.

10. In April, 2008, Ms. Tate, through her attorney, requested the necessary forms to begin the special education process (evaluation, eligibility, IEP, placement) with Montgomery County. Ms. Tate filled out the Eligibility Screening forms and forwarded them to MCPS for consideration.

11. After receiving the forms, MCPS representatives contacted the mother to inform her that under the rules of Child Find, because Johnathan was parentally-placed in a private school located in the District of Columbia, the school system in D.C. was responsible for the eligibility determination. MCPS professed to rely on its understanding of federal law, as well as Analysis of Comments and Changes from the US Department of Education, in reaching its decision.

12. Accordingly, despite his status as a Montgomery County resident, MCPS would not move forward with evaluating Johnathan's special education needs.

13. On April 29, 2008, Ms. Tate filed a Due Process Hearing Complaint appealing the decision of MCPS and seeking that MCPS move forward with the evaluation and eligibility process for Johnathan for the 2007-08 school year.

14. On May 15, 2008, the parent's attorney attended a dispute resolution session to discuss the complaint and give the school system an opportunity to resolve the appeal as required by the IDEA. Prior to the meeting, MCPS representatives attempted to waive the resolution

session; however, the parent felt that it was important to attend and make a good faith effort to resolve the complaint. In fact, at the request of MCPS counsel, the parent forwarded legal authority in support of its position.

15. At the resolution session, the parent presented her position in both verbal and written form and specifically outlined why MCPS has a responsibility to evaluate this student. MCPS had no response to the parent's position other than to reiterate its previous position that it was not responsible for evaluating this student and to note that it respectfully disagreed with the provided authority.

16. MCPS failed to make a good faith effort, or any effort for that matter, to resolve the complaint as required by the IDEA.

17. MCPS failed to offer Johnathan any educational services.

18. The Lab School was, and continues to be, an appropriate placement for Johnathan. During the 2007-08 school year Johnathan received substantial benefit from the program there. Johnathan continues to make academic progress in the setting at Lab.

19. Pursuant to a scheduling order, the parties presented written motions on the issue of whether or not MCPS was required to evaluate Johnathan and determine his eligibility.

20. On September 24, 2008, Administrative Law John M. Zell issued his decision in *Johnathan Tate v. Montgomery County Public Schools,* OAH No: MSDE-MONT-OT-08-16552. The ALJ denied the parents' motion for summary decision and granted the school system's motion to dismiss or in the alternative for summary decision. The ALJ held that the Local Educational Agency ("LEA") where the private school is located, in this case D.C., is responsible for initiating child find activities, completing initial evaluations and offering equitable services to

parentally-placed private school children with disabilities. He specifically found that the place of the child's residence, in this case, Montgomery County, does not have an obligation under the IDEA to complete evaluations and determine eligibility.

21. The ALJ's decision contains palpable errors of fact and law.

22. The ALJ failed to address The United States Department of Education, Office of Special Education and its guidance on this issue. Specifically, the Department has clarified that when seeking equitable services, a parent must go to the LEA where the private school is located. However, when seeking the provision of free appropriate public education (not equitable services), a parent must go to the LEA of residence. The Department discourages parents from going to both LEAs for the determination of eligibility, but rather to the one that is either responsible for provision of a FAPE (the LEA of actual residence), or the LEA responsible for equitable services (the LEA in which the private school is situated).

23. The ALJ failed to address on point case law from the neighboring jurisdiction of the District of Columbia.

24. Plaintiffs are aggrieved by the decision of the ALJ.

25. Plaintiffs have exhausted their administrative remedies.

**COUNT I**

26. Plaintiffs incorporate as though restated each of the factual allegations stated in paragraphs 1 through 25.

27. Defendants' failure to provide Johnathan with a free appropriate public education violates plaintiffs' rights under the IDEA, Section 504, Section 1983, and Maryland law.

**COUNT II**

28. Plaintiffs incorporate as though restated each of the factual allegations stated in paragraphs 1 through 25.

29. The failure of the ALJ to order defendants to place and fund Johnathan in an appropriate program violates the IDEA and Maryland Law.

**COUNT III**

30. Plaintiffs incorporate as though restated each of the factual allegations stated in paragraphs 1 through 25.

31. The failure of defendants to provide plaintiffs with adequate due process procedures violates the IDEA, Section 504, Section 1983, and Maryland law.

**COUNT IV**

32. Plaintiffs incorporate as though restated each of the factual allegations stated in paragraphs 1 through 25.

33. The ALJ committed error, and violated plaintiffs' due process rights under the IDEA and Maryland law, by failing to render a proper decision on all issues presented by the plaintiffs.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiffs respectfully request that this Court:

1. Issue judgment for plaintiffs and against defendants;

2. Issue declaratory relief that defendants violated plaintiffs' rights under applicable law;

3. Issue injunctive relief ordering defendants to reimburse plaintiffs for the tuition expenses and costs incurred in enrolling Johnathan Tate at the Lab School of

Washington for the 2007-08 school year, while declaring the Lab School of Washington to be Johnathan's current educational placement under the IDEA;

4. Order defendants to pay plaintiffs' reasonable attorneys' fees and costs, including the fees and costs of this action; and

5. Award any other relief that this Court deems just.

Respectfully Submitted,

Michael J. Eig #07718
MICHAEL J. EIG AND ASSOCIATES, P.C.
5454 Wisconsin Avenue, Suite 760
Chevy Chase, Maryland 20815
(301) 657-1740

Counsel for Plaintiffs